SWANSON & McNAMARA LLP
EDWARD W. SWANSON, SBN 159859
AUDREY BARRON, SBN 286688
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

COOLEY LLP
JOHN H. HEMANN (165823)
MAX BERNSTEIN (305722)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
CHEN SONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHEN SONG,<br><br>Defendant. | CASE NO. 3:21-cr-00011 WHA<br><br>**STATEMENT OF POINTS AND AUTHORITIES REGARDING CIPA SECTION 4**<br><br>Dept:  Courtroom 12 – 19th Floor<br>Judge:  District Judge William Alsup<br><br>Trial Date:  April 12, 2021 |

This brief is filed at the Court's request for the Defendant's position on the requirements of the Classified Information Procedures Act ("CIPA"), as applicable to the government's *ex parte* and *in camera* motion under CIPA Section 4.

The existence of potentially relevant classified information has been known to the government since before this case was charged, originally by complaint, in July 2020. It is now March 2021. On the eve of trial, the government has filed a CIPA Section 4 request that requires

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STATEMENT OF POINTS AND AUTHORITIES
REGARDING CIPA SECTION 4
(CASE NO. 3:21-cr-00011 WHA)

the Court to go through a multi-step process and make nuanced decisions as to how to balance the Defendant's Due Process right to a fair trial with the government's ability to assert the state secrets privilege.

Although the government's use of classified information in connection with criminal charges that do not implicate national security raises myriad complicated issues, we request that the Court not allow the resolution of these issues to delay the trial and resolution of this matter. Dr. Song has been separated from her seven-year-old daughter since July 2020 when she was arrested. It is of paramount importance that Dr. Song receive a speedy trial and be reunited with her daughter.

The fundamental purpose of CIPA is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref,* 533 F.3d 72, 78 (2d Cir. 2008) (alterations in original) (quoting *United States v. O'Hara,* 301 F.3d 563, 568 (7th Cir. 2002)). CIPA therefore establishes "pretrial procedures that will permit the trial judge to rule on questions of admissibility involving classified information before introduction of the evidence in open court." S. Rep. 96-823, at 1 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294. "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence." *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir.2013); *see also* H.R. Conf. Rep. 96-1436, 12 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4307, 4310 ("[N]othing in [CIPA] is intended to change the existing standards for determining relevance and admissibility.")."

Section 4 of CIPA provides that

> The Court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the Court alone.

*Id.* app. 3 § 4.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STATEMENT OF POINTS AND AUTHORITIES
REGARDING CIPA SECTION 4
(CASE NO. 3:21-cr-00011 WHA)

2

CIPA does not create any privileges, but rather "presupposes" a governmental privilege and "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States v. Abu-Jihaad,* 630 F.3d at 140 (citation omitted).

The Ninth Circuit has established a three-step procedure for ruling on CIPA § 4 motions:

> When considering a motion to withhold classified information from discovery, a district court must first determine whether...the information at issue is discoverable at all. If the material at issue is discoverable, the court must next determine whether the government has made a formal claim of the state secrets privilege, lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer. Once a court concludes that the material is discoverable and that the state secrets privilege applies, then the court must determine whether the evidence is relevant and helpful to the defense of an accused. If the information meets the relevant and helpful test, CIPA § 4 empowers the court to determine the terms of discovery, if any.

*Sedaghaty*, 728 F.3d at 904 (9th Cir.2013) (quotation marks and citations omitted).

In ruling on a CIPA Section 4 motion, "[t]he three-step process identified in *Sedaghaty* must be followed. The Court must determine whether the requested information is discoverable, whether the government has asserted a valid state secrets claim, and whether the information would be relevant and helpful to the defense." *United States v. Turi*, 143 F. Supp. 3d 916, 922 (D. Ariz. 2015) (citation omitted).  On the available public record, Defendant cannot determine whether the government has satisfied the first two prongs of this test:  (1) establishing that the information is discoverable and (2) making a formal claim of the state secrets privilege.[1] *Cf. Id.* at 918-919 (finding that the government satisfied the first two prongs of the test before moving to the third).

If the government has satisfied the first two prongs of the test, the Court moves to the third, which is to determine whether the evidence the government seeks to delete is "relevant and helpful" to the defense. *Id.* at 922.  The Court may, as it has in this case, ask the Defendant to submit, ex parte and *in camera*, a summary of the defense to aid the Court in this effort.  The Court then considers the relevance and helpfulness of the submitted evidence in light of its understanding

---

[1] Defendant will address in more detail the questions regarding the assertion of the state secrets privilege in a supplemental filing per the Court's order of March 18, 2021. ECF 72.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STATEMENT OF POINTS AND AUTHORITIES
REGARDING CIPA SECTION 4
(CASE NO. 3:21-cr-00011 WHA)

3

of the proffered defense.

If all three steps are satisfied, and the Court determines that the classified information would be relevant and helpful to the defense, the Court then weighs the competing interests. The Court is required to balance the "defendant's interest in obtaining the information against the government's interest in maintaining its secrecy, considering the importance of the classified information and the national security problems that would result from its disclosure, along with 'the crime charged, the possible defenses, the possible significance of the [classified information], and other relevant factors.'" *Id.* One option for the Court to consider is whether the government is able to "substitute for the classified information a statement that would 'admit[ ] relevant facts that the classified information would tend to prove.'" *Id.*, quoting 18 U.S.C. App. 3 § 4. The law thus recognizes that substitute information can be sufficient to provide adequate notice, even in the context of the constitutional imperative that the defendant receive a fair trial.

There is, however, "an outer limit." *Turi*, 143 F. Supp. 3d at 922. "No matter how sensitive the national security information may be, the information or an adequate substitute must be disclosed if there is a reasonable probability that it would alter the outcome of the case." *Id.* If that is the case, and the evidence cannot be fairly substituted with other non-secret information, the information must be provided to defense counsel who have been granted a security clearance, the government must declassify the evidence and produce it, or the case must be dismissed.

Dated: March 18, 2021

SWANSON & McNAMARA LLP

By:    /s/
      Edward W. Swanson
      Audrey Barron

Attorneys for Defendant
CHEN SONG

Cooley LLP
Attorneys At Law
San Francisco

4

STATEMENT OF POINTS AND AUTHORITIES
REGARDING CIPA SECTION 4
(CASE NO. 3:21-cr-00011 WHA)

Dated:  March 18, 2021

COOLEY LLP

By:  /s/
John H. Hemann
Max Bernstein

Attorneys for Defendant
CHEN SONG

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STATEMENT OF POINTS AND AUTHORITIES
REGARDING CIPA SECTION 4
(CASE NO. 3:21-cr-00011 WHA)