SWANSON & McNAMARA LLP
EDWARD W. SWANSON, SBN 159859
AUDREY BARRON, SBN 286688
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

COOLEY LLP
JOHN H. HEMANN (165823)
MAX BERNSTEIN (305722)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
CHEN SONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHEN SONG, <br><br> Defendant. | CASE NO. 3:21-cr-00011 WHA <br><br> **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO THE COURT'S REQUEST FOR BRIEFING RE CIPA SECTION 4 MOTION** <br><br> Dept: Courtroom 12 – 19th Floor <br> Judge: District Judge William Alsup <br><br> Date Filed: January 7, 2021 <br> Trial Date: April 12, 2021 |

The Ninth Circuit considers the assertion by the government of the privilege not to produce criminal discovery – or to produce it in another, substitute, form – under the Classified Information Procedures Act ("CIPA") to be an assertion of the state-secrets privilege. In the Ninth Circuit, an assertion of the state-secrets privilege can be made only by the "head of the [relevant] department" after "personal consideration" by that individual.

This is cumbersome, which is both why the government does not want to do it and why the Court should insist that it be done. Maintaining the rule of law in a democratic society is indeed a cumbersome business. But letting it slip incrementally in favor of seemingly minor short-cuts and efficiencies ultimately results in grave consequences.

I. **PROCEDURAL REQUIREMENTS FOR INVOKING THE STATE-SECRETS PRIVILEGE.**

The government can assert a state-secrets privilege to avoid production of otherwise discoverable materials. *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953). However, due to the threats this poses to the balance of power between the government and the public, courts are tasked with ensuring the "careful, limited application of the privilege." *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1042 (9th Cir. 2020). To police against abuse, courts must review not only the substance of the claim of privilege, but the procedure through which it is invoked. *Reynolds*, 345 U.S. 1, 7–8.

To this end, the Supreme Court has established that the "head of the department which has control over the matter" must lodge the claim, and only "after actual personal consideration by that officer." *Id*.[1] Importantly, the Supreme Court did not say that "a deputy of the head of the department" or "a senior ranking member of the department" can assert the claim of privilege; instead, the head him- or herself must do so, and not as a mere rubber stamp, but only after personal review of the matter. *Id*. If this directive was not clear enough, the Ninth Circuit, in applying *Reynolds*, has stated expressly how the government must formally claim the states-secret privilege:

---

[1] The Supreme Court alternatively phrased the required party as "the minister who is the political head of the department." *Id*. at 8 n.20.

> The privilege is "not simply an administrative formality" that may be asserted by any official. *Jeppesen*, 614 F.3d at 1080 (quoting *United States v. W.R. Grace*, 526 F.3d 499, 507–08 (9th Cir. 2008) (en banc)). Rather, the formal claim must be "lodged by the head of the department which has control over the matter." *Reynolds*, 345 U.S. at 8, 73 S.Ct. 528. The claim must "reflect the certifying official's *personal* judgment; responsibility for [asserting the privilege] may not be delegated to lesser-ranked officials." *Jeppesen*, 614 F.3d at 1080. And the claim "must be presented in sufficient detail for the court to make an independent determination of the validity of the claim of privilege and the scope of the evidence subject to the privilege." *Id.*

*Fazaga*, 965 F.3d at 1042 (emphasis in original); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1080 (9th Cir. 2010) (similar). In *Jeppesen*, the Ninth Circuit explained that this rule does not require the Attorney General to serve in this capacity "*when a different agency head has control of the matter*," referring to the Director of the CIA. *Jeppesen*, 614 F.3d at 1080. This language makes clear that, absent the head of some other agency or department, the Attorney General must act to lodge the claim.

The *Reynolds* rule is not an empty bureaucratic exercise. The rule serves the essential purpose of ensuring that the state-secrets privilege is not "lightly invoked." *Reynolds*, 345 U.S. at 7–8.[2] The Ninth Circuit has explained that this "certification [by the head of the department] is fundamental to the government's claim of privilege," as it guarantees the decision to invoke the privilege is "a serious, considered judgment, not simply an administrative formality." *Jeppesen*, 614 F.3d at 1080. That is, by requiring the Attorney General, the Director of the CIA, or other equivalent department and agency heads to personally participate in the claim, this rule intentionally limits wide-spread use of the privilege, requires serious deliberation before its

---

[2] The Ninth Circuit has found the rule satisfied where the record shows the Senate confirmed Director of the Central Intelligence Agency, the Director of National Intelligence, and, most relevant here, the Attorney General have personally authorized the claim of privilege after review of the relevant materials. *See*, *e.g.*, *Husayn v. Mitchell*, 938 F.3d 1123, 1131 (9th Cir. 2019) (reviewing claim of privilege by Director of CIA); *Jeppesen*, 614 F.3d at 1080 (reviewing claim of privilege by Director of CIA *and* Attorney General); *Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1202 (9th Cir. 2007) (reviewing claim of privilege by Director of National Intelligence). In contrast, defense counsel is unaware of ***any*** instance in which the Ninth Circuit has allowed invocation of the state-secrets privilege by an official not serving as head of his or her department or agency.

invocation, and creates ultimate accountability in the person of the "political head of the department."

## II. APPLICATION TO THE GOVERNMENT'S MOTION.

The Ninth Circuit has applied the *Reynolds* standard when considering a Classified Information Procedures Act ("CIPA") Section 4 motions, like the one presently before the Court. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) (applying standard in CIPA Section 4 context); *United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013) (same). As such, for the government's claim of privilege to be considered here, the "head of the department" at issue must have lodged the claim "after actual personal consideration by that officer." *Reynolds*, 345 U.S. at 7–8. No other circumstance satisfies the procedural perquisite for the Court's consideration of the substance of the state-secrets privilege claim.

As the government is sure to argue, the issue of which government official must assert the claim of privilege was not directly presented by either *Klimavicius-Viloria* or *Sedaghaty*. However, in both cases the Ninth Circuit explicitly adopted and applied the *Reynolds* state-secret standard to CIPA review and quoted favorably the language in *Reynolds* requiring the "head of the department['s]" personal involvement. The only other circuit to have applied the *Reynolds* state-secrets standard to CIPA cases is the Second Circuit, and the Second Circuit has explicitly held that only the head of an agency may certify a privilege assertion under CIPA Section 4. *See United States v. Abu-Jihaad,* 630 F.3d 102 131 n.34 (2d Cir. 2010); *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008).

The public record does not reflect who signed the certification in this matter, but from the Court's order we operate from the assumption that it was not the Attorney General. However, the Attorney General alone is the head of the Department of Justice. *See*, *e.g.*, "An Act to Establish the Department of Justice," June 22, 1870 ("That there shall be, and is hereby, established an executive *department* of the government of the United States to be called the Department of Justice, ***of which the Attorney General shall be the head***." (emphasis added)). As such, the rule established in *Reynolds*, and echoed in the numerous Ninth Circuit decisions cited above, is clear: Where the relevant department is the Department of Justice, the Attorney General must personally

review confidential materials and authorize the claim for the privilege to be validly invoked. If the materials at issue belong to another federal agency, that agency's department head must review the materials and authorize the claim. To the extent the relevant agency head did not personally review the Confidential Information that is the subject of the government's CIPA Section 4 motion, and thereafter authorize or personally lodge the claim, the government has failed to validly invoke the privilege. *Jeppesen*, 614 F.3d at 1080 (explaining the *Reynolds* duty "may not be delegated to lesser-ranked officials"). This level of review seems particularly appropriate when the government appears to have used classified sources and methods designed to protect national security to bring a visa fraud case against a physician who came to the United States to work in a medical lab.

The government will surely argue that enforcing such a requirement would be inconvenient and difficult to apply at scale. But far from a defect, that is precisely the point. *See Jeppesen*, 614 F.3d at 1080. It is also the law.

Dated: March 19, 2021                    SWANSON & McNAMARA LLP


                                         By:        /s/
                                             Edward Swanson
                                             Audrey Barron

                                         Attorneys for Defendant
                                         CHEN SONG


Dated: March 19, 2021                    COOLEY LLP


                                         By:        /s/
                                             John Hemann
                                             Max Bernstein

                                         Attorneys for Defendant
                                         CHEN SONG

245208528