STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    eric.cheng@usdoj.gov
    kyle.waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 21-0011 WHA |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES' RESPONSE TO |
| | ) DEFENDANT'S REQUEST TO FILE |
| v. | ) SUPPLEMENTAL AUTHORITY |
| | ) |
| CHEN SONG, | ) |
|    a/k/a SONG Chen, | ) |
| | ) |
| Defendant. | ) |

On June 2, defendant submitted a Request to File Supplemental Authority ("Request") attaching a June 1 order in *United States v. Juan Tang*, Case No. 20-cr-134 (E.D. Cal.), in which the court granted a motion to suppress the statements of that defendant. (Dkt. 120.)

Defendant's recitation of the decision in the Request omits several relevant factors considered by the *Tang* court in granting the motion to suppress. *Id.* For instance, the Request omits that the *Tang* court found that the "there were no places for Defendant to retreat had she wanted to terminate the interrogation," citing "the small size of the apartment and the impending arrival of the new tenant that day." (Dkt. 120-1 at 9–10). In addition, the Request omits that the *Tang* court found that the agents did not advise that "'[defendant] was not under arrest and that he would not be arrested that day …,' 'his

USA'S RESP. TO DEF'S REQUEST
CR 21-0011 WHA                                                                  1

statements were voluntary,' … and that 'he was free to leave,'" (Dkt. 120-1 at 14), advisements that were provided in substance in this case. (Dkt. 113 at 11–14; 28–29.)

The Request also states that "because the statements were the 'entire basis' for the count alleging a violation of 18 U.S.C. 1001(a)(2), making a false statement to the FBI, Judge Mendez dismissed that count." (Dkt. 120 at 2.) As set forth in the government's opposition, however, *Miranda* was not meant to guard against a situation in which the defendant never actually confesses to anything and instead repeatedly lies to agents (Dkt. 113 at 25), as in this case where defendant's statements form the basis of Count Five charging her with making false statements in violation of 18 U.S.C. § 1001(a)(2). (Dkt. 55.) Instead, the Ninth Circuit has found that "[c]ommitting a crime is far different from making an inculpatory statement," holding that the exclusionary rule does not bar the prosecution of a crime when the statements themselves constitute that crime. *See United States v. Mitchell*, 812 F.2d 1250, 1253 (9th Cir. 1987) (overruled on other grounds) ("We exclude inculpatory evidence when it is obtained as a result of an unlawful search or seizure. We have never, however, applied the exclusionary rule as a bar to the prosecution of a crime."); *see also, e.g.*, *United States v. Gardner*, 993 F. Supp. 2d 1294, 1307 (D. Or. 2014) (declining to suppress "those statements that are themselves the operative basis of the crime charged"); *United States v. Melancon*, 662 F.3d 708, 712 (5th Cir. 2011) ("Even if we concluded otherwise and determined that [defendant] was 'in custody' at the time of his discussion … we agree with the Government that the statements would have been admissible at his trial because they were themselves a criminal act."). Accordingly, even if a court were to find that a defendant's statements were "in custody" and subject to *Miranda* warnings, any such statements that themselves constitute a crime—such as false statements under Section 1001(a)(2), as reflected here in Count Five and Count Two in part—should not be suppressed under Ninth Circuit precedent (and contrary to the cited *Tang* dismissal of the false statement count).

Dated: June 3, 2021

STEPHANIE M. HINDS
Acting United States Attorney


      /s/
ERIC CHENG
KYLE F. WALDINGER
Assistant United States Attorneys