SWANSON & McNAMARA LLP
EDWARD W. SWANSON, SBN 159859
AUDREY BARRON, SBN 286688
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

COOLEY LLP
JOHN HEMANN, SBN 165823
MAX A. BERNSTEIN, SBN 305722
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
CHEN SONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHEN SONG,<br><br>　　　　　Defendant. | Case No. 3: 21-cr-00011 WHA<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE JULY 13, 2020 INTERVIEW; REQUEST FOR EVIDENTIARY HEARING** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

## I. INTRODUCTION

The government argues that even if the FBI violated Dr. Song's constitutional rights by interrogating her in a custodial setting without *Mirandizing* her, it should still be allowed to introduce her statements at trial. To support this troubling assertion, the government incorrectly contends that when a defendant makes statements the government asserts were criminally false, *Miranda* does not apply at all.

As an initial matter, the government makes this argument for the first time **not** in its 25-page opposition to Dr. Song's Motion, but rather in a post-hearing "response" to Defendant's request to provide recent authority to the Court. This back-door attempt to augment its opposition is improper. The government waived this argument by not raising it during briefing (or oral argument) on the Motion, and the Court should not entertain it now.

Regardless, the argument that an allegedly false statement excuses a *Miranda* violation is meritless. The government relies on a Ninth Circuit decision that held only that a defendant who commits crimes during an illegal detention is not immunized simply because the arrest was unlawful. But that is not the issue before the Court here. Rather, the government created a custodial circumstance, did not *Mirandize* Dr. Song, and now seeks to use statements elicited during this unconstitutional interrogation as evidence in its prosecution. The Ninth Circuit has never endorsed as much, let alone held that the government can supersede an indictment to add a charge of false statements to the FBI, and thereby convert an unconstitutional interrogation into admissible evidence at trial. In fact, the Ninth Circuit has **affirmed** suppression of allegedly false statements that form the basis of an 18 U.S.C. § 1001 ("Section 1001") charge because the defendant was not *Mirandized* before a custodial interrogation—the exact relief the government argues is improper here.

Accepting the government's alleged false-statement loophole would significantly curtail the *Miranda* rights of interrogees, in violation of both the letter and spirit of the Supreme Court's seminal case and the jurisprudence that has followed. Moreover, it would encourage law enforcement to conduct unconstitutional interrogations for the very purpose of creating allegedly false exculpatory statements that can later be used to pad an indictment with additional charges.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

This is not permitted by the holding in *Miranda* because *Miranda* does not turn on whether the government contends a statement given to law enforcement while a defendnat is in custody is true or not. It turns on whether it was illegally obtained.

## II.   ARGUMENT

### A.   The Government Waived the Argument at Issue.

The government filed a 25-page opposition to Dr. Song's Motion. (ECF 113.) The government did not assert the argument that because Dr. Song was charged under Section 1001 for making allegedly false statements to the FBI, those statements are admissible at trial, even if they were unconstitutionally obtained. (*Id*.) Nor did the government cite any of the authority it now invokes, all of which existed at the time of briefing and argument. (*Compare* ECF 113 *with* ECF 121 at 2.) The Court held a hearing on the Motion and took argument for close to an hour and a half, and the government again did not mention this argument or authority. The government asserts this entirely new legal theory for the first time in a "response" to Dr. Song's request to provide the Court with new (post-hearing) authority, with no explanation for why the government did not argue this issue in its opposition.

The government's attempt to introduce this issue after the motion was under submission is a clear violation of Local Civil Rule 7-3(d), which prohibits the submission of additional argument after a reply is filed absent leave of court, unless the submission is a notice of new, relevant judicial authority.[1] The government waived this argument by not raising it in its opening brief. *See, e.g.*, *King v. Hausfeld*, No. C-13-0237 EMC, 2013 WL 1435288, at *6 (N.D. Cal. Apr. 9, 2013) ("As Plaintiff raises this argument for the first time in a supplemental filing . . . without leave of court, and as he offers no explanation for failing to raise the argument previously, this Court finds that Plaintiff has waived the argument, and declines to consider it."); *Nathanson v. Polycom, Inc.*, No. 13-3476 SC, 2015 WL 12964727, at *1 (N.D. Cal. Apr. 16, 2015) (declining to consider an issue first raised on reply because "arguments not raised by a party in its opening brief are deemed

---

[1] Local Civil Rule 7-3(d) states that after a reply is filed, "no additional memoranda, papers or letters may be filed without prior Court approval" except that before the noticed hearing, counsel may notify the court of a "relevant judicial opinion published after the date the opposition or reply was filed." Local Civil Rule 7-3(d) applies in this case pursuant to Local Criminal Rule 2-1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

waived"); *Riley v. Friederichs*, 793 F. App'x 614, 615 (9th Cir. 2020) (Mem) ("The district court did not abuse its discretion in declining to consider Riley's sur-reply because Riley filed it without leave of court as required under N.D. Cal. Civil Local Rule 7-3(d)."); *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

The Court should not reward the government's procedural impropriety and instead should strike ECF 121. *See Aircraft Tech. Publishers v. Avantext, Inc.*, No. C 07-4154 SBA, 2009 WL 4348334, at *4 (N.D. Cal. Nov. 19, 2009) (striking submission following completion of briefing that "cite[d] no judicial opinion that was published after the close of briefing," and instead "raise[d] new arguments that [the party] did not include in its opposition").

### B. The Government's Argument is Unavailing.

#### 1. The government's argument is premised on a mistaken reading of *Miranda*.

The government starts with the flawed assertion that "*Miranda* was not meant to guard against a situation in which the defendant never actually confesses." (ECF at 2.) The government argues from this premise that the Court can differentiate between improperly secured inculpatory admissions, which are protected against by *Miranda*, and allegedly false claims of innocence, which supposedly are not. (*Id*.) But this framework collapses under even a cursory read of the decision itself.

The Court need look no further than *Miranda's* preambular language: "Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, **whether exculpatory or inculpatory**, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (emphasis added). The Supreme Court thus made clear at the outset that *no* statement—whether it be an admission of guilt or an exculpatory statement—solicited in an unconstitutional manner can be introduced at trial. The Supreme Court elaborated in detail on the breadth of these protections and the absence of exceptions:

> The warnings required and the waiver necessary in accordance with our opinion

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of **any** statement made by a defendant. No distinction can be drawn between statements which are direct confessions and statements which amount to 'admissions' of part or all of an offense. . . . Similarly, for precisely the same reason, **no distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory.'** . . . In fact, statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or **to demonstrate untruths in the statement given under interrogation** and thus to prove guilt by implication.

*Id*. at 476-77 (emphasis added). In so explaining, the Supreme Court anticipated the argument the government asserts now: That *Miranda* is limited in application to "confessions" and does not proscribe the government from improperly procuring other kinds of statements that may be used to prosecute defendants. Notably, the Supreme Court stated expressly that its holding covers statements that the government intends to use at trial **not** to show an admission of guilt, but rather to attempt to show that the defendant **lied** during interrogation—the very use for which the government intends to deploy the statements at issue here. Moreover, the Supreme Court explained that one of the reasons an interrogee must be told of their right to counsel during an interrogation is that "[t]he presence of a lawyer can also help to guarantee that the accused gives a fully accurate statement to the police." *Id*. at 470.

Dr. Song was denied these rights—she was interrogated without being notified of her right to counsel and without an adequate explanation of her right to remain silent. Now the government seeks to exploit those violations and use statements she made against her—precisely the result *Miranda* protects against.

The Supreme Court reached an unequivocal conclusion in *Miranda*: "[U]nless and until [the *Miranda*] warnings and waiver are demonstrated by the prosecution at trial, **no** evidence obtained as a result of interrogation can be used against" a defendant. *Id*. at 479 (emphasis added). This categorical language leaves no room for the exceptions the government seeks.

  **2. The government misstates *Mitchell* and ignores Ninth Circuit precedent that forecloses its argument.**

The government relies on the Ninth Circuit's decision in *Mitchell*, but that opinion does not apply to the facts of this case. *United States v. Mitchell*, 812 F.2d 1250 (9th Cir. 1987). *Mitchell*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

does not even cite *Miranda* and did not involve a custodial interrogation or the admissibility of statements procured during the same. *Id*. Instead, the defendant there argued that because his arrest was illegal, he could not be prosecuted for threats against the president's life he made while in custody. The Ninth Circuit determined that an illegal detention does not immunize a defendant from crimes committed during the course of the detention—in that instance, criminal threats. *Id.* ("A person who is detained illegally is not immunized from prosecution for crimes committed during his detention."). But that is not the issue before the Court now. Nor did *Mitchell* consider whether statements that would otherwise be inadmissible can be admitted at trial simply because the government contends they were false in violation of Section 1001, a statutory provision never mentioned in the decision.[2]

In contrast, the Ninth Circuit's decision in *Chen* is directly on point. *United States v. Chen*, 439 F.3d 1037 (9th Cir. 2006). There, the defendant was investigated for, and ultimately charged with, making false statements in an immigration application. *Id*. at 1039. In a striking parallel to the present matter, the government also charged the defendant under Section 1001 for making false statements to an INS agent during the investigation of the underlying immigration fraud. *Id*. The trial court determined that the allegedly false statements giving rise to the Section 1001 charge were properly suppressed because they were made during a custodial interrogation and the defendant was not *Mirandized*—the **exact** same relief sought by Dr. Song's motion. *Id*. The Ninth Circuit affirmed the district court's ruling that these statements were properly suppressed, given the unconstitutional manner in which they were secured—the very outcome the government argues is supposedly foreclosed by *Mitchell*. *Id*. at 1043 ("the decision of the district court granting Chen's motion to suppress is AFFIRMED").[3] The district court in *United States v. Juan* found the same,

---

[2] The government also cites a Fifth Circuit decision and an out-of-district trial court decision that it contends stand for its position. These decisions do not reflect the law in the Ninth Circuit, as shown by *United States v. Chen*, discussed *infra*. Nor can they be squared with *Miranda*. Notably, the government was unable to muster any decisions from the Ninth Circuit or this district in which unconstitutionally procured statements were admitted as evidence because they were the basis for charges under Section 1001 or an equivalent statute.

[3] Even more recently, the Ninth Circuit considered a motion to suppress statements that served as the basis of a Section 1001 charge in *United States v. Little Dog*. 760 F. App'x 502, 503 (9th Cir. 2019). There too the defendant argued that the statements should be suppressed because they were made during a custodial interrogation and defendant was not *Mirandized*. *Id*. Again, the Ninth

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

again in highly analogous circumstances to those here, and suppressed unconstitutionally procured statements that formed the basis of a Section 1001 charge, dismissing the charge in the process. No. 2:20-CR-00134, 2021 WL 2212235, at *7 (E.D. Cal. June 1, 2021).

*Chen* and *Juan* are consistent with *Miranda*—statements made during a custodial interrogation, absent a reading of *Miranda* rights, are not admissible at trial. *Miranda*, 384 U.S. at 476 (holding that the reading of *Miranda* rights is a "prerequisite[] to the admissibility of **any** statement made by a defendant" in a custodial interrogation (emphasis added)). The government's position is not.

### 3. The government's proposed rule would eviscerate accountability for unconstitutional interrogations and incentivize abusive practices.

The government's position is not just inconsistent with *Miranda*, but would introduce a gaping hole in the protections afforded by that decision. Under the government's rule, law enforcement could conduct unconstitutional interrogations at will and pressure isolated and unrepresented interrogees using unlawful methods. According to the government, statements procured in this fashion would be admissible at trial, just so long as the government contends they were false when made, and charges the defendant under Section 1001 or its state-law equivalents. Given that making false statements to law enforcement is a broadly chargeable offense under federal and state law, this would have a remarkable consequence: *Miranda* protections would effectively be limited to just those statements the prosecution agrees were truthful, and would not protect against the admission of any statements the prosecution, in its discretion, deems were falsely made to law enforcement (so long as the prosecution adds a charge to this end).

Notably, whether the statements were criminal, or even false at all, would only be decided by a trier of fact **after** their admission at trial—*i.e.*, after the prosecution was able to use them against the defendant. The Ninth Circuit did not silently create this significant exception to *Miranda* protections in a decision that never mentions *Miranda*, only to forget the rule in its

---

Circuit did not so much as mention the argument the government invokes here as supposed Ninth Circuit precedent: that such statements donts cannot be suppressed because they are themselves the basis of a criminal charge. Rather the Ninth Circuit carefully considered whether the interrogation was custodial, and determined the statements were admissible only after finding it was not. *Id*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA

subsequent decisions that do consider *Miranda*. Nor could such a rule ever be squared with the Supreme Court's clear directive that statements unconstitutionally procured in a custodial interrogation are not admissible at trial, full stop.

### III. CONCLUSION

For the above-stated reasons, the Court should strike the government's brief at ECF 121 as procedurally improper. Regardless, the Court should grant Dr. Song's Motion.

Dated: June 8, 2021

SWANSON & McNAMARA LLP

By: _____/s/ *Edward Swanson*_____
     Edward Swanson
     Audrey Barron

Attorneys for Defendant
CHEN SONG

Dated: June 8, 2021

COOLEY LLP

By: _____/s/ *John Hemann*_____
     John Hemann
     Max Bernstein

Attorneys for Defendant
CHEN SONG

250140116

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S SUPPLEMENTAL BRIEF ISO
MOTION TO EXCLUDE JULY 13 INTERVIEW
CR 21-0011 WHA